UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESSAM BOU-ASSALY,

        Plaintiff,

                                Case No.  17-10007
vs.                            HON.  GEORGE CARAM STEEH

GEORGE P. MANN & ASSOCIATES,
P.C., and GEORGE P. MANN,

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' NOTICE OF CLAIM OF APPEAL (DOC. 30)

     Plaintiff Wessam Bou-Assaly brings two counts of attorney malpractice. Count I is filed against George P. Mann & Associates, P.C. and George P. Mann, hereafter the Mann defendants. Count II is filed against Margolis Law P.C. and Laurence H. Margolis, hereafter the Margolis defendants.  The Margolis defendants filed a Motion to Dismiss on February 23, 2017.  (Doc. 15).  The Mann defendants filed a Motion to Dismiss on April 20, 2017.  (Doc. 23).  The Court issued an Order denying both motions.  (Doc. 27).  This matter is presently before the Court on the Mann defendants "Notice of Claim of Appeal."  (Doc. 30).  The Mann defendants ask the Court to permit them to appeal the Court's order

denying the motion to dismiss.  For the reasons stated below, the Mann defendants' request is DENIED.

The Mann defendants argue that the Court ignored citations to case law limiting legal malpractice damages in the absence of malicious intent. This case law regarding malicious intent concerned exemplary damages. But "[t]he Mann defendants' focus on exemplary damages is misplaced." (Doc. 27 at PageID 310).  The Court explained that plaintiff does not seek exemplary damages, but rather ordinary, compensatory damages.  (*Id.*). The Court cited to medical malpractice, personal injury, and product liability cases to illustrate that plaintiff's proposed damages are compensatory, not exemplary.  Compensatory damages do not require a showing of malicious intent.  The Court, therefore, did not ignore the Mann defendants' citations, but rather, found that such law did not apply in this case.

The Mann defendants assert that the Court incorrectly stated that they posed factual, as opposed to facial attacks.  This argument is based on the Court's statements in the Legal Standard section of its Order.  (Doc. 27 at PageID 306-307).  The Mann defendants' assertion misconstrues how to classify motions to dismiss for lack of subject matter jurisdiction. Motions to dismiss a case because the plaintiff has not alleged a sufficient amount in controversy are construed as factual attacks; the moving party is

arguing about the factual existence of subject matter jurisdiction. *See Allstate Ins. Co. v. Renou*, 32 F. Supp. 3d 856, 860 (E.D. Mich. 2014). The Mann defendants' assertions to the contrary are unsupported by law, and therefore, fail.

The Mann defendants argue that the Court erred in finding that all four defendants are jointly liable. The Court made no such finding. It instead recognized that, under Michigan law, fair share liability applies here and plaintiff does not need to state as much in its complaint. (Doc. 27 at PageID 313-14). The Court's decision is not impacted by when the parties first raised this issue or whether or not plaintiff responded to defendant's argument at the hearing.

For these reasons, the Mann defendant's request is DENIED.

IT IS SO ORDERED.

Dated: August 3, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 3, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk