UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESSAM BOU-ASSALY,

    Plaintiff,

vs.

Case No. 17-10007
HON. GEORGE CARAM STEEH

GEORGE P. MANN & ASSOCIATES,
P.C., and GEORGE P. MANN,

    Defendants.

_____/

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF THE ORDER DENYING NOTICE OF CLAIMS OF APPEAL (DOC. 34)

    Plaintiff Wessam Bou-Assaly brings two counts of attorney malpractice. Count I is filed against George P. Mann & Associates, P.C. and George P. Mann, hereafter the Mann defendants. Count II is filed against Margolis Law P.C. and Laurence H. Margolis, hereafter the Margolis defendants. The Margolis defendants filed a Motion to Dismiss on February 23, 2017. (Doc. 15). The Mann defendants filed a Motion to Dismiss on April 20, 2017. (Doc. 23). The Court issued an Order denying both motions. (Doc. 27). The Mann defendants thereafter filed a "Notice of Claim of Appeal," asking the Court to permit the Court of Appeals for the Sixth Circuit to hear an interlocutory appeal on the Order Denying the

- 1 -

Motion to Dismiss. (Doc. 30). The Court denied the Mann defendants' request. (Doc. 33). This matter is presently before the Court on the Mann defendants Motion for Reconsideration of the Order Denying Notice of Claims of Appeal regarding the Order Denying Defendants' Motion to Dismiss. (Doc. 34).

Motions for Reconsideration are governed by E.D. Mich. Local Rule 7.1(h). "A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof." *Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 775 (E.D. Mich. 2004) (internal citations omitted). "A motion for reconsideration which merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication, shall be denied." *Id.* (internal citations omitted).

The Mann defendants raise six arguments. None demonstrate a palpable defect. Further, the Court previously ruled upon by each argument. First, the Mann defendants' argue that, pursuant to Fed. R. Civ. P. 20, the four defendants are not properly in the same complaint. The Court's Opinion Denying Defendants' Motion to Dismiss, (Doc. 27), did not explicitly address this issue, but rather, ruled by reasonable implication.

*Ward*, 340 F. Supp. 2d at 775; E.D. Mich. L.R. 7.1(h)(3).  Plaintiff asserts a right to relief pursuant to Michigan's fair share liability, a system that generally replaced the state's use of joint and several liability in tort cases.  The Court finds that this is sufficient to satisfy Fed. R. Civ. P. 20(a)(1). The Court has, however, expressly ruled on the Mann defendants remaining arguments concerning liability and amount in controversy.  (Doc. 27 at PageID 308-14; Doc. 33 at PageID 363-64).  The Mann defendants' Motion to Reconsider is, therefore, DENIED.

    IT IS SO ORDERED.

Dated:  August 23, 2017

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 23, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---